**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ANITA J. ALLEN**                                                                                    **PLAINTIFF**

**V.**                                                          **CASE NO. 1:10-CV-00252**

**WAL-MART STORES, INC.**                                                     **DEFENDANT**

**MEMORANDUM OPINION**

This cause comes before the court on the motion **[33]** of Defendant Wal-Mart Stores, Inc. for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). The plaintiff has not responded to the motion; however, this court adheres to Fifth Circuit precedent that an unopposed motion for summary judgment may not be granted absent a "clear record of delay or contumacious conduct." *Johnson v. Pettiford*, 442 F.3d 917, 919 (5th Cir. 2006). Finding no such record, it is necessary for the court to examine the merits of the plaintiff's claims rather than simply grant the defendant's motion as unopposed.

Plaintiff Anita Allen alleges that on September 13, 2007, she slipped and fell on an oily substance, injuring herself while shopping inside the Wal-Mart store in Iuka, Mississippi. She alleges that Wal-Mart was grossly negligent and failed to maintain its premises in a reasonably safe condition. She asserts that the oily substance had been on the floor for so long that Wal-Mart should have known of its presence.

Wal-Mart denies the plaintiff's claims and has filed the instant motion seeking summary judgment. The defendant contends that summary judgment is proper because the plaintiff cannot prove how the oily substance got on the floor, who spilled it, or how long it had been on the floor prior to her fall. Wal-Mart asserts that the plaintiff is not entitled to punitive damages because there

is no evidence of gross negligence.

Summary judgment should be granted when the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party meets its burden of proving that summary judgment is appropriate, the nonmoving party must "come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). When ruling on a motion for summary judgment, the court must consider the facts and evidence in the light most favorable to the nonmoving party. *Ford, Bacon & Davis, LLC v. Travelers Ins. Co.,* 635 F.3d 734, 736 (5th Cir. 2011) (citing *Holt v. State Farm Fire & Cas. Co.,* 627 F.3d 188, 191 (5th Cir. 2010)).

A business owner owes a duty to its invitee to keep its premises reasonably safe and when not reasonably safe, to warn the invitee of hidden dangerous conditions. *Drennan v. Kroger Co.,* 672 So. 2d 1168, 1170 (Miss. 1996) (citing *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1994)). A plaintiff does not have to prove knowledge of the dangerous condition if he has already proven that the dangerous condition was created by the owner or someone under the owner's control. *Douglas v. Great Atl. & Pac. Tea Co.,* 405 So. 2d 107, 110 (Miss. 1981). If, however, the condition was created by an unrelated third party, the plaintiff must prove that the owner had actual or constructive knowledge of the condition. *Drennan*, 672 So. 2d at 1170. An owner is deemed to have constructive knowledge when an unsafe condition is present for so long that a reasonably prudent store owner would have known of its presence. *Id*. (citing *Waller v. Dixieland Food Stores, Inc.,* 492 So. 2d 283, 285 (Miss. 1986)).

Marsh's deposition testimony establishes that she did not see any substance on the floor prior

2

to her fall. Allen Dep. 30:10-19, July 14, 2011. She testified that she does not know what the substance was, how it got on the floor, or how long it was on the floor. Allen Dep. 30:20-31:12. The fact that the plaintiff fell in the defendant's store does not automatically mean that the defendant is liable. Instead, the plaintiff must prove that the defendant caused the unsafe condition, knew about the unsafe condition, or should have known about the unsafe condition. If the plaintiff is unable to prove any of these elements, her premises liability claim must fail.

Marsh has presented no evidence establishing that Wal-Mart knew about the oily substance or caused it to be on the floor. The plaintiff is unable to show that the substance was on the floor for a sufficient amount of time that Wal-Mart is deemed to have constructive knowledge of it. Based on these facts and the applicable law, the court finds that the defendant is entitled to summary judgment. The motion **[33]** is GRANTED.

A separate judgment will be issued this date pursuant to Fed. R. Civ. P. 58.

SO ORDERED this the 18th day of November, 2011.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**